In re Estate of Toepfer.

(No. 784—Decided May 27, 1943.)

*Mr. E. L. Matz,* for appellant.
*Messrs. Michener & Dankworth,* for appellee.
*Thomas J. Herbert,* attorney general, and *Mr. Richard C. Gerken,* for Department of Public Welfare, Division of Aid for the Aged.

Phillips, P. J.   Appellant, Steward & Ward, Inc., a creditor of the estate of Marie Leonie Toepfer, deceased, herein called decedent, appealed to this court on questions of law and fact from a judgment of the Probate Court of Belmont county overruling its exceptions to the final account of the executrix of decedent's estate which listed payment to "Division of Aid for the Aged of Ohio" of a portion of a pension paid to Karl F. Toepfer.

Upon oral motion of its counsel, the words "and fact" were stricken from appellant's notice of appeal and the appeal was retained, argued, submitted and will be determined as one on questions of law.

It was stipulated by counsel for appellant and for the executrix of decedent's estate that Karl F. Toepfer died intestate on October 4, 1938, indebted to appellant, leaving decedent, his wife, surviving him; that his estate consisted of a small stock of merchandise in a store which he operated; that upon his death decedent continued to operate the store, assumed his indebtedness to appellant, and from time to time purchased merchandise from it on an open running account, upon which there was a balance due appellant when decedent died on August 9, 1941, less than the amount of the assets of her estate, after payment of conceded preferred claims and cost of administration as shown by the final account filed by the executrix of her estate; that Karl F. Toepfer had received aid from the Division of Aid for the Aged, Department of Public Welfare of the state of Ohio; and that decedent never had received such aid.

The questions presented for our consideration and determination are whether upon the facts stated, under the provisions of Section 1359-7, General Code, as in effect when decedent died, the state of Ohio has a preferred claim against and, as urged by it, can recover from decedent's estate the amount or any portion of the pension paid to Karl F. Toepfer.

The state argues the affirmative, and the appellant the negative, of those questions and the latter contends that it is the only creditor of decedent's estate.

The applicable portion of Section 1359-7, General Code (118 Ohio Laws, 595), which became effective September 6, 1939, and which was in effect when decedent died, provided as follows:

"Upon the death of a person, the total amount of aid paid to said person and/or to his or her spouse under

this act, shall be a preferred claim against the estate of such deceased person, having priority and preference over all unsecured claims except the bill of funeral director not exceeding two hundred dollars, the expense of the last sickness and those of administration, and the allowance made to the widow and children for their support for twelve months."

That section of the General Code is in derogation of the common law and we construe strictly as we must the words therein contained, "upon the death of a person, the total amount of aid paid to said person and/or to his or her spouse under this act, shall be a preferred claim against the estate of such deceased person * * *," to mean that the state of Ohio can recover from decedent's estate in this case all or a portion of the amount of the pension paid to Karl F. Toepfer, during the lifetime of decedent and himself, for the reason that in our opinion the use of the words "and/or" mean that whether either or both spouses received the pension mentioned herein, the estate of the decedent, the surviving spouse, is liable for the payment thereof upon her death.

The case of *Scobey* v. *Fair, Admr.*, 70 Ohio App., 51, 45 N. E. (2d), 139, upon which appellant relies to secure a reversal of the judgment of the trial court, is distinguished from the case at bar by the fact that amended Section 1359-7, General Code, construed there was not in effect when deceased died five days before its effective date. In our opinion, the Legislature intended to and did change former Section 1359-7 then in effect, materially by eliminating "/or."

The constitutionality of Section 1359-7, General Code, in effect when decedent died is not challenged.

From what we have said it is apparent that the judgment of the Probate Court must be and hereby is affirmed.

*Judgment affirmed.*

NICHOLS and CARTER, JJ., concur.